UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cr-10009 |
| ) | |
| SETH TIERRE WALKER, ) | |
| ) | |
| Defendant. ) | |

## ORDER & OPINION

This matter is before the Court on Defendant Seth Tierre Walker's Motion for Reduced Sentence under Section 404(b) of the First Step Act (Doc. 37). The Government has responded (Doc. 38) and the matter is ripe for review. For the following reasons, Defendant's Motion (Doc. 37) is DENIED.

### BACKGROUND

Defendant pled guilty to possession with intent to distribute 6.53 grams of crack cocaine. Due to Defendant's prior felony drug conviction, the statutory penalties under 21 U.S.C. § 841(b)(1)(B) increased from a range of 5 to 40 years' imprisonment to 10 years' to life imprisonment. In addition, prior convictions resulted in Defendant being a career offender under U.S.S.G. § 4B1.1. Absent the career offender designation, Defendant's total offense level would have been 21; with it, the total offense level was 34. The total offense level reflected a statutory maximum sentence of life, which under U.S.S.G. § 4B1.1(b) set an offense level of 37, which was reduced by three for acceptance of responsibility. Defendant had a criminal history category

of VI before the application of the career offender designation; the career offender status also required a criminal history category of VI.

The Guidelines range for Defendant under this calculation was 262 to 327 months' imprisonment and 8 years' supervised release. But the Court varied downward. If Defendant's offense had involved powder, rather than crack, cocaine, the sentencing range would have been 188 to 235 months' imprisonment. Because the maximum sentence would have been 25 years' imprisonment, rather than life, under U.S.S.G. § 4B1.1(b) the offense level would have been 34, yielding a total offense level of 31 after reduction for acceptance of responsibility. The Court sentenced Defendant to 188 months' imprisonment, the bottom of the range the Guidelines would have produced but for the powder/crack disparity, and 8 years' supervised release, which was mandatory.

The sentencing hearing occurred on September 16, 2010. On August 3, 2010, the Fair Sentencing Act became law. At the time of the September 16 sentencing, the Court determined—incorrectly, as it turned out—the Fair Sentencing Act did not retroactively apply to conduct prior to its enactment even where the sentencing occurred after, and so did not apply in this case. It is important to reiterate that under the Fair Sentencing Act Defendant's Guidelines range would have been 188-235 months' imprisonment; the Court's decision to vary downward to that range therefore effectively applied the Fair Sentencing Act with regard to the term of imprisonment. (Doc. 21 at 2). However, the term of supervised release would have been 6 years, rather than 8.

In 2012, Defendant requested relief under the Fair Sentencing Act. The Federal Defender's office was appointed to represent him. The Government agreed that relief under the Fair Sentencing Act was warranted due to *Dorsey v. United States*, 567 U.S. 260, 273 (2012), which held the Fair Sentencing Act applied to those whose crimes, but not sentencings, preceded the effective date of the Fair Sentencing Act. Therefore, the parties filed a joint motion to vacate Defendant's sentence.

"The parties agree[d] that the 188 months term of imprisonment [was] consistent with the [Fair Sentencing Act] . . . and should be reimposed." (Doc. 33 at 2). The application of the Fair Sentencing Act made the 8-year term of supervised release improper; it should have been 6 years. The Court vacated Defendant's original sentence and resentenced him to 188 months' imprisonment and 6 years' supervised release. (Doc. 33 at 2).

**LEGAL STANDARD**

The First Step Act of 2018 allows a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time" an offense was committed. Pub. L. 115-391, 132 Stat. 5194, § 404(a), (b) (2018). However, a court may not "entertain a motion made under" the First Step Act "if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010" or a prior motion under the First Step Act was denied on the merits. *Id.* at 404(c).

## DISCUSSION

The crux of this case is whether the Court's 2012 decision vacating and reimposing Defendant's sentence constitute the sentence having been "previously imposed or previously reduced" in accordance with the Fair Sentencing Act. Defendant argues it was not because "his entire sentence was not previously reduced in accordance with the Fair Sentencing Act. The Court did not reconsider the sentence of imprisonment, only the term of supervised release." (Doc. 37 at 7). The Government disagrees, arguing the Court's reimposition of the 188-month term of imprisonment and reduction of the term of supervised release in 2012 "was expressly imposed in accordance with the Fair Sentencing Act," and therefore this Court may not entertain the motion. (Doc. 38 at 2).

The Court agrees with the Government. In 2012, Defendant's sentence was reimposed in accordance with the Fair Sentencing Act. Defendant effectively conceded this, and indeed requested the reimposition of the 188 months' imprisonment. *Walker v. United States*, No. 1:13-cv-1045, Doc. 1 at 6-7. And his sentence was reduced in accordance with the Fair Sentencing Act when the term of supervised release was reduced. If a reduction in the term of imprisonment were warranted under the Fair Sentencing Act, such reduction should have, and likely would have, been requested at that time.

Even without the 2012 reimposition of the 188 months' imprisonment, it is far from clear that a resentencing would be in order here. The Court's initial sentence, excepting the supervised release later modified, was a variance that effectively

applied the Fair Sentencing Act. "Any additional downward variance would doubly incorporate the effect of [Fair Sentencing Act] section 2 into the sentence imposed, a windfall that Section 404(c) was designed to avoid." *United States v. Holmes*, Crim. No. 02-24, 2019 WL 3859577, at *8 (D.D.C. Aug. 17, 2019); *see also id.* at *9 (applying First Step Act § 404(c) where "the defendant successfully obtained a variance below the guidelines range, after arguing [Fair Sentencing Act]'s section 2 reduced the penalty.").

In sum, Section 404(c) of the First Step Act bars the Court from considering Defendant's motion. It must therefore be denied.

Notwithstanding what the Court understands will be a disappointing outcome for Defendant, the Court would note Defendant's rehabilitation is impressive. His lack of disciplinary history, commitment to education, and the consideration and responsibility demonstrated in his letter to the Court all show the sort of growth the Court hopes to see from any person it sentences. While the Court is unable to reduce Defendant's sentence, it could not let such progress and achievement go unremarked.

## CONCLUSION

Defendant's Motion (Doc. 37) is DENIED.

SO ORDERED.

Entered this 12th day of November 2019.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge

5